Agnes, Peter W., J.

Introduction

The defendant, Cyrus Vakili, M.D., through his attorney, Charles M. Urso (hereinafter “Urso”), has motioned for dismissal of the plaintiffs action pursuant to Mass.R.Civ.P. 33(a)(4), failure to comply with discovery; and also, pursuant to Mass.R.Civ.P. 41 (b) (2), failure to prosecute. The plaintiff, Winifred A. Coblenz, retained Thomas F. McEvilly (hereinafter “McEvilly”) to represent her interests in her action alleging medical malpractice of Dr. Vakili. For the reasons set forth below, the defendant’s motion is allowed and the plaintiffs action is dismissed with prejudice.

Background

Coblenz’s medical malpractice action (hereinafter the “action”) was commenced on May 11th, 2001 with the filing of the complaint by McEvilly. See Defendant’s Motion to Dismiss, Pursuant to Mass.R.Civ.P. 41(b)(2), for Failure to Comply with this Court's Orders dated September 11, 2003 and September[1] 24, 2003 and for Failure to otherwise Prosecute this Matter, p. 1. On August 9th 2001, Vakili served Interrogatories and Requests for the Production of Documents. Id. On August 7, 2003, Urso mailed, via regular mail, pursuant to Superior Court Rule 9C, correspondence to McEvilly, requesting response to the Request for the Production of Documents by August 21st, 2003 and notified McEvilly of Urso’s intention to file a motion to compel if responses were not forthcoming. Id. Having received no response from McEvilly, Urso filed a Motion to Compel on September 8th, 2003. Id. Urso received a telephone call from McEvilly on September 10th, 2003, and granted McEvilly an extension to comply with discovery requests until September 17th, 2003. Id., p. 2-3.
This court allowed the Motion to Compel Production of Documents. Id., p. 3. On September 19th, 2003, McEvilly telephoned Urso and informed him that the outstanding interrogatories should be received no later that September 24, 2003.[2] The plaintiff has not produced Responses to the Defendant’s Request for the Production of Documents.[3] Id. On September 29th, 2003, having received no discovery and no request for an extension from McEvilly, Urso served upon the plaintiff an Application for Final Judgment pursuant to Mass.R.Civ.P. 33(a). Id.
On October 9th 2003, this court (Fecteau, J. (RAJ)) entered Judgment for Vakili with costs, pursuant to Mass.R.Civ.P. 33(a). Id., p. 4. On September 24th, 2004, almost a year after judgment, McEvilly filed an Emergency Order to Vacate Judgment. Id. On that same date, this court (Agnes, J.) ordered that the entry of judgment is stayed until the plaintiff serves her Motion to Vacate Judgment pursuant to Superior Court Rule 9A. Id. The plaintiff has not complied with the September 24th, 2004 order.[4] Id.
Since the filing of the complaint, the plaintiff has failed to conduct any discovery, respond to the defendant’s request for the production of documents, fully and adequately respond to interrogatories,[5] or otherwise prosecute the action. Id.
In opposition, McEvilly states, “(t]he delays which occurred were in the main attributable to a severe and persistent medical condition which disabled counsel but which has not prejudiced the defendant.” See Motion in Opposition to Defendant’s Motion to Dismiss.[6]

Mass.R.Civ.P. 33(a)(4) Application for Final Judgment

In the event that answers or objections have not been received and after the expiration of 40 days from the date of service of the final request for answers . . . the interrogating parly may file a written application for entry of final judgment for relief or dismissal . . .

Mass.KCiv.P. 41(b)(2) On Motion of the Defendant

On motion of the defendant, with notice, the court may, in its discretion, dismiss any action for failure of the plaintiff to prosecute or to comply with these rules or any order of court. . .

Discussion

This malpractice action began in 2001. Since that time, the plaintiff-through Attorney McEvilly — has failed to conduct any discovery, respond to the defendant’s request for the production of documents, fully and adequately respond to interrogatories, or otherwise prosecute the action.
Judgment for the defendant was entered in October 2003 and then stayed, upon an untimely “emergency” motion filed in September 2004 by Attorney McEvilly. *688 At that time, this court ordered compliance with Superior Court Rule 9A. Attorney McEvilly has taken no action to comply with the September 2004 order. Additionally, Attorney Urso’s requests for compliance with discovery began in August 2003.
At hearing on the instant motion, Attorney McEvilly shared that his back pain began in August 2001. Attorney McEvilly explained that he had undergone five MRI’s, twelve epidural injections for pain relief, and eventual surgeiy in 2004 to remove lumbar disks. Attorney McEvilly explained that the defendant’s Interrogatories were answered and mailed to Attorney Urso on October 1st, 2003.[7] However, Attorney McEvilly conceded that there has never been a response to the defendant’s Request for the Production of Documents. At the motion hearing, Attorney McEvilly himself stated, “The case fell through the cracks.”
This court disagrees with Attorney McEvilly’s assertion that the defendant has not been prejudiced by the delay in prosecution. The cumulative effect of the plaintiffs past and current violations of this Court’s orders has resulted in a substantial and unnecessary financial burden on the defendant as he is forced to continue to defend against the plaintiffs claims, which the plaintiff has apparently abandoned.
While this court understands that Attorney McEvilly has been battling with ill-health, there comes a time that an attorney with a disability must take reasonable measures, in consultation with his client, such as soliciting assistance from another member of the firm, engaging the services of another attorney, or withdrawing from the case to ensure that the opposing party, as well as his own client, have meaningful access to the remedies available through the courts. Regrettably, in this case that time has come and gone. The plaintiffs claims are dismissed with prejudice.

ORDER

For the foregoing reasons, the defendant’s motion to dismiss is ALLOWED.

 The caption of the defendant’s motion reads “October.” After hearing and review of the docket, the court’s order occurred on September 24th, 2003, not October 24th, 2003.

 The moving papers have “September 24, 2004" as the promised date. This court took the liberty of correcting an obvious typographical error.

 This was true as of January 20, 2006 — when the motion was drafted by Urso, and as of March 15, 2006 — when this court heard arguments with respect to the instant motion.

 This was true as of January 20, 2006 — when the motion was drafted by Urso, and as of March 15, 2006 — when this court heard arguments with respect to the instant motion.

 On or about October 1st, 2003, Urso received the plaintiffs purported Answers to Interrogatories. Id. These answers were generally non-responsive, vague, and evasive. Id., p. 3.

 The plaintiffs opposition papers consist of a one-page, two-sentence opposition which reads, “Now comes the plaintiff in the above-entitled action and moves in opposition to the Defendant’s motion to Dismiss. And as reasons, therefore, the plaintiff states that the delays which occurred were in the main attributable to a severe and persistent medical condition which disabled counsel but which has not prejudiced the defendant.”
There are three exhibits attached to the opposition. Exhibit “A” consists of: 1) A cover letter from McEvilly to Ursa, dated September 30th, 2003, with enclosed answers to interrogatories; 2) This court’s Notice of Judgment Entry, dated October 9th, 2003; 3) This court’s Judgment for Defendant, dated October 9th, 2003; and 4) Notice of Judgment Entry, dated October 9th, 2003. It is unclear to this court relevancy of attaching item 2) and item 4), as they are identical.
Exhibit “B" consists of: 1) McEvilly’s affidavit, dated October 12th, 2001, wherein he states he “began suffering from severe pain in my left leg and back” in August 2001; 2) A cover letter from McEvilly to Urso, dated July 3rd, 2002, confirming a conversation of September 10th 2003 committing to providing answers to interrogatories by September 17th, 2003; and 3) McEvilly’s affidavit, dated September 24th, 2004, wherein he states that he “was unable to devote sufficient time to my law practice as I was suffering from a beck (sic.) condition that prevented me from going to my office except on a sporadic and limited basis.”
Exhibit “C” consists of McEvilly’s affidavit, dated February 8th, 2006, wherein he gives details of his recent medical history starting in August 2001 and culminating in back surgeiy in December 2004. This affidavit does not contain any medical history from December 2004 to February 8th, 2006.

 According to the defendant’s instant motion, the answers were generally nonresponsive, vague, and evasive.